ALEXANDER L. A. MACKIE

*v.*

JOHN J. CAIN and MICHAEL M. KESHIN.

[Decided June 20th, 1921.]

1. The act to quiet titles to real estate does not warrant a bill in equity to contest the legality of a municipal assessment and tax sale thereon under the Martin act, that being a question exclusively for the supreme court to determine.

2. It is beyond the power of the legislature to vest in the chancery court any of the fundamental prerogatives of the supreme court.

3. In a proceeding to quiet title, the chancellor's finding that the complainant has not had peaceful, continuous, open and notorious possession for a period of twenty years will not be disturbed unless it is clearly against the preponderance of the testimony.

4. In the absence of an adjudication by a court having jurisdiction over the question whether or not sales for assessments under the Martin act were invalid, the presumption is that the claimants under such sale have good title to the disputed lands.

On appeal from a decree in chancery.

*Mr. Frank W. Hastings, Jr.,* for the appellant.

*Mr. John Francis Gough* and *Mr. Max Levy,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The bill in this case was filed under the act of March 2d, 1870, entitled "An act to compel the determination of claims to real estate in certain cases and to quiet title to the same." *Comp. Stat. p. 5399.* In his bill the complainant alleges that he is in the peaceful possession of, and has a clear title to, a tract of

land in the city of Bayonne; that his title to a certain portion thereof is clouded by the claim of the defendant Cain that he is the true owner thereof under a tax sale made pursuant to the Martin act by the city of Bayonne in 1892; and that his title to another portion of the tract is likewise clouded by the claim of the defendant Keshin that he is the owner thereof under a similar tax 'sale'. He then avers that each of these tax sales made by the municipality was fatally defective because of the failure of the municipality to specifically comply with all of the provisions of the Martin act relating to the method of adjusting past-due taxes and the procedure to be followed in case the taxes as adjusted were not paid and a sale for their collection should become necessary. On the basis of this averment he sought an adjudication from the court of chancery declaring the Martin act sales null and void by reason of the defects alluded to; that no right, title or interest in the lands described in the bill passed to the vendees of the city or to any persons claiming under such vendees by virtue of mesne conveyances; and that therefore the respective claims of the two defendants, Cain and Keshin, were without legal foundation.

He further set out in his bill that he now is, and for more than twenty years last past has been, in possession of these lands and premises; that his possession has been adverse to the asserted rights of the defendants, Cain and Keshin; that it was under a claim of title in himself; and that it has been exclusive, open, notorious, peaceful and uninterrupted during all of that time. On the basis of this allegation also he seeks a decree adjudging that his title as against Cain and Keshin is complete and unassailable, and that their respective claims as owners of the property in dispute are without legal substance.

At the conclusion of the hearing in the court of chancery Vice-Chancellor Griffin, to whom the case had been referred, concluded that the complainant had failed in his attempt to establish that in making the sales under the Martin act the procedure provided by that statute had been disregarded in any important particular. And he therefore held that the complainant was not entitled to the relief sought on the first of the two grounds upon which his bill was rested.

He further considered, after carefully weighing the evidence submitted in support of, and in opposition to, the complainant's claim of title by adverse possession, that his case failed upon this ground also; and that, instead of his having been in the continuous peaceful occupancy of these two tracts during the twenty years' period, the weight of evidence was in favor of the conclusion that during most of that period the defendant Cain had been in the possession of the lands claimed by him as fully, openly and notoriously as the character of the lands permitted ever since his purchase thereof in 1902 from the vendee of the city; and that the proofs also failed to show any acts of ownership by him over, or of actual, open, notorious possession of, the tract purchased by Keshin during the twenty years preceding the filing of the bill.

Upon these findings the learned vice-chancellor advised a decree dismissing the bill of complaint, and from the decree entered in accordance with this advice the complainant appeals.

So far as the conclusions of the court below relating to the question of the validity of the sales under the Martin act are concerned, we express no opinion either by way of agreement or disagreement. And for this reason: Only nine years after the enactment of the statute of 1870 the court, in the case of *Jersey City* v. *Lembeck, 31 N. J. Eq. 255,* declared that the statute did not warrant the filing of a bill in equity to contest the legality of a municipal assessment upon the ground of its being an illegal encumbrance on land; that chancery had no jurisdiction, as a general rule, over such matters; that it had always been one of the exclusive prerogatives of the supreme court to consider and adjudicate upon alleged errors of municipal bodies committed in the exercise of legal or *quasi*-legal functions in matters which were of a purely legal nature; and that, if the statute had attempted to vest such jurisdiction in the court of chancery, the attempt would have been nugatory, for the reason that it is beyond the power of the legislature to vest in the chancery court any of the fundamental prerogatives of the supreme court. The declaration in *Jersey City* v. *Lembeck* has been reiterated very frequently in our later decisions, and in the case of *Roe* v. *Jersey City, 79 N. J. Eq. 645,* we pointed out that the doctrine of the

*Lembeck Case* was not only applicable but controlling where the complainant sought to obtain an adjudication from the court of chancery declaring that a sale of his property made under the provisions of the Martin act was invalid and a nullity because the proceedings under which it was had were not in compliance with the provisions of that act.

We conclude, therefore, that the court of chancery was without jurisdiction to hear and determine the question whether the sales under the Martin act, under which the defendants, Cain and Keshin, rested their claims of title, were valid or invalid.

As to the second ground on which the complainant sought relief, namely, that he had been in peaceful, continuous, open and notorious possession of the lands involved in this controversy for a period of more than twenty years preceding the filing of his bill, and that his possession was adverse, so far as these two defendants were concerned, we agree with the conclusion of the learned vice-chancellor that he absolutely failed to sustain the averment of his bill.  Our examination of the proofs satisfies us that the great preponderance of the testimony is in favor of the vice-chancellor's finding.

In the absence of an adjudication, by a court having jurisdiction over the question, that the sales under the Martin act were invalid, the presumption of law is that the defendants, Cain and Keshin, have a good title to the lands in dispute, under those sales; and, as the complainant has failed to sustain his claim of title by adverse possession, the decree under review must be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER—13.

*For reversal*—None.